# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **HAFIZ AHMED,** | : | |
| *Petitioner,* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 26-1545** |
| | : | |
| **J. L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                                                          **March 18, 2026**

## MEMORANDUM

Petitioner Hafiz Ahmed filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release.  ECF No. 1 at 13 [hereinafter Pet.].  Ahmed alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates his Fifth Amendment Due Process rights and the Immigration and Nationality Act ("INA").  *Id.* ¶¶ 63–71.

Ahmed is a noncitizen from Bangladesh, who entered the United States with his spouse in August 2024.  Pet. ¶ 1.  Upon his arrival in the United States, Ahmed applied for asylum, and after an asylum officer determined that he and his spouse had credible fears of returning to Bangladesh, was granted parole and ultimately settled in Philadelphia, Pennsylvania.  *Id*. ¶¶ 3, 5.  On March 10, 2026—more than one-and-a-half years after Ahmed entered the country—ICE took him into custody during a regularly scheduled check-in.  *Id.* ¶ 7.

On the Government's view, Ahmed is detained pursuant to 8 U.S.C. § 1225(b)(1) and that neither the discretionary parole which Ahmed was granted under 8 U.S.C. § 1182(d)(5) nor the subsequent termination of that parole changes Mr. Ahmed's legal status as an inadmissible alien.  Government's Response, ECF No. 6, at 2–3.  As the Government correctly notes, this Court has

already rejected this argument in a similar case, as has every judge in the Eastern District of Pennsylvania to have considered this argument. *Id.* at 1, n.1 (collecting cases); *see also Green v. Jamison et al.*, 26-cv-0773 (E.D. Pa. Feb. 26, 2026); *Sadykov v. Rose et al.*, 26-cv-00086, at 1 n.2 (E.D. Pa. Jan 16, 2026) (collecting cases); *Talabadze v. Rose et al.*, 26-cv-0360, at 1 n.1 (E.D. Pa. Jan. 30, 2026); *Seminario-Marcos v. Jamison et al.*, 26-cv-0421, at 2 n.1 (E.D. Pa. Feb. 6, 2026); *Pkhaladze v. Rose et al.*, 26-cv-0509, at 2 n. 3 (E.D. Pa. Feb. 10, 2026); and *Vasquez Diaz v. Rose et al.*, 26-cv-0342 1 n.1 (E.D. Pa. Feb. 10, 2026).  For the same reasons set forth in those Opinions, this Court holds that Ahmed's detention violates the INA.

This Court therefore grants Ahmed's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(1) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Ahmed is a harm to the community or a flight risk.  Moreover, ICE is enjoined from detaining Ahmed under 8 U.S.C. § 1226(a) for seven days following his release.